UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JOSE A. GARCIA,

    Plaintiff,                                                  CASE NO.: 19-cv-63063

v.

RAS LAVRAR, LLC and DISCOVER BANK,

    Defendants.

_____/

## COMPLAINT

JOSE A. GARCIA (the "Plaintiff"), through undersigned counsel, brings his *Complaint* against RAS LAVRAR, LLC ("LaVrar") and DISCOVER BANK ("Discover") (collectively, the "Defendants") and states:

1. Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Venue is proper in this district, because Defendants filed a state court suit against Plaintiff in Broward County, Florida, which forms the basis, in part, for the above-captioned proceeding ("State Court Complaint") (COWE-19-014669) ("State Court Action") and the associated wrongful acts also occurred in Broward County, Florida.

## PARTIES

4. Plaintiff, Jose A. Garcia, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

1

5. Defendant, RAS LAVRAR, LLC is registered in the State of Florida as a Limited Liability Company.

6. Upon information and belief, LaVrar's principal place of business is in Broward County, Florida, specifically located at 1133 S. University Drive, Second Floor, Plantation, Florida 33324.

7. Upon information and belief, LaVrar is a law firm that specializes in "debt collection" lawsuits, and LaVrar and its attorneys file and prosecutes thousands of credit card lawsuits against consumers in the State of Florida.

8. LaVrar is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. LaVrar uses "any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts[.]"

10. Defendant, Discover Bank, is incorporated under the laws of the State of Delaware.

11. Upon information and belief, Discover Bank is one of the largest issuers of consumer credit cards in the United States.

12. Upon information and belief, Discover Bank commences thousands of collection actions against consumers in the United States to collect unpaid debt in the State of Florida and Broward County, Florida.

13. Discover Bank is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

14. Discover Bank regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

15. For all relevant times, Discover Bank is vicariously liable for (1) its employees, lawyers, agents, and independent contractors, (2) LaVrar, and (3) LaVrar's employees, lawyers, agents, and independent contractors.

16. For all relevant times, LaVrar is vicariously liable for all of its owners, partners, employees, lawyers, agents, and independent contractors.

## **FACTUAL ALLEGATIONS**

17. Defendants engaged in a pattern of conduct that was abusive and deceptive in violation of the FDCPA to collect on Plaintiff's alleged unpaid credit card account.

18. According to the allegations in the State Court Complaint and the attachments, it appears that Plaintiff used a credit card for his own personal, family and household purposes.

19. After the alleged debt went into default, at some point, Discover Bank hired LaVrar to collect this debt and commence a lawsuit.

20. On October 15, 2019, LaVrar commenced a lawsuit in the name of Discover Bank, alleging that Plaintiff failed to pay a consumer credit card. *See* Ex. A.

21. Discover and LaVrar, as counsel, alleged that Plaintiff owed $8,958.70 plus court costs.

22. On October 15, 2019, the state court issued a summons. *See* Ex. B.

23. On October 23, 2019, Plaintiff was served with the summons in the State Court Action. *See* Ex. C.

24. On October 25, 2019, Plaintiff's state court attorney filed a Notice of Appearance in the State Court Action. *See* Ex. D.

25. The filed Notice of Appearance was electronically served on LaVrar. *See* Ex. E.

26. On October 25, 2019, Plaintiff's state court attorney responded to the State Court Complaint and filed a *Motion to Dismiss or in the alternative, for a More Definite Statement*. *See* Ex. F.

27. Despite the timely filing of a response in the State Court Action, on November 26, 2019, LaVrar requested a clerk's default from the Court, which was entered. *See* Ex. G.

28. In addition, on November 26, 2019, LaVrar submitted a Motion for Default Judgment to the Court. *See* Ex. H.

29. The request for a default and default final judgment constituted patently false accusations, since the Motion to Dismiss was timely filed, and there was no legal basis to take these legal actions.

30. In addition, LaVrar mailed these documents to Plaintiff and instructed the Court to mail these documents to Plaintiff even though it was apparent, and LaVrar knew that he was represented by counsel. *See* Ex. I.

31. As a result of these actions, Defendants instilled fear, anxiety, and other harm on Plaintiff.

### COUNT ONE – COMMUNICAITON WITH CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C. § 1692(a)(2)

32. Plaintiff incorporates Paragraphs 1 through 31.

33. Defendants communicated or attempted to communicate with Plaintiff when Defendants knew Plaintiff was represented by an attorney in violation of 15 U.S.C. § 1692(a)(2).

**WHEREFORE**, Plaintiff demands against both Defendants:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

### COUNT TWO – FALSE STATEMENT TO A TRIBUNAL IN VIOLATION OF 15 U.S.C. § 1692(e)

34. Plaintiff incorporates Paragraphs 1 through 31.

35. Defendant made a material false statement that Plaintiff failed to file or serve any paper as required by law when he had clearly done so.

36. Defendant made the representation in violation of 15 U.S.C. § 1692(e) and did so knowingly.

**WHEREFORE**, Plaintiff demands against both Defendants:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

## JURY DEMAND

37. Plaintiff demands trial by jury on all issues so triable.

## RELIEF

38. Wherefore, the Plaintiff demands judgment against Defendants on all causes for:

(a) Actual, Emotional, and Statutory Damages;

(b) Attorney's fees, litigation expenses and costs of suit; and

(c) Such other and further relief as the Court deems proper.

Dated: December 11, 2019                                       Respectfully Submitted,

                                                               */s/ Michael C. Lutfy*
                                                               Michael C. Lutfy
                                                               Fla. Bar No. 126339
                                                               80 S.W. 8th Street, Suite 2000
                                                               Miami, Florida 33130
                                                               Tel.: (305) 812-2351
                                                               Lutfy.Michael@gmail.com